ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JILL FEENEY (Cal. Bar No. 218506)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429
     Facsimile: (213) 894-6269
     E-mail:    jill.feeney@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-0289-ODW |
| Plaintiff, | ORDER SETTING FORTH ADDITIONAL FINDINGS RELATING TO THE COURT'S DECISION ON MAY 12, 2014 |
| v. | |
| SHERVIN NEMAN, aka "Shervin Davatgarzadeh," | |
| Defendant. | |

On May 12, 2014, the Court held a pretrial conference in the above-referenced case. At that status conference, private counsel Donald Marks, Esq. was present, although he had not filed an application for substitution of counsel. The Court determined at the pretrial conference that it was appropriate to proceed to trial on May 13, 2014, as scheduled, and that defendant would continue to be represented by Deputy Federal Public Defenders Lisa Shinar LaBarre and Charles Brown, based on the reasons stated on the record

(outside the presence of government counsel) as well as on the findings set forth below:

    1.  Moving the trial date would have seriously inconvenienced the witnesses and the government. The government had subpoenaed over 30 witnesses to appear at trial on May 13, 2014. Additionally, an important government witness was 84 years old and a delay in the trial might have made that witness unavailable to the government.

    2.  Defendant was indicted on April 24, 2013. Trial of the case initially was set for June 18, 2013. The trial date had been continued three times to allow defendant sufficient time to prepare for trial.

    3.  Deputy Federal Public Defender Lisa Shinar LaBarre ("DFPD LaBarre") was appointed to represent defendant from the beginning of his case. Defendant frequently told DFPD LaBarre that he intended to hire private counsel and defendant was in contact with several private counsel, a number of whom contacted government counsel, throughout the course of the case.

    4.  At a status conference in the case held on March 28, 2014, private counsel, Michael Emmick, Esq., was present in court. However, defendant had not retained this counsel. At that time, defendant was informed that if he wanted to retain counsel, he had ten days in which to do so. Defendant did not retain counsel.

    5.  On April 18, 2014, defendant informed DFPD LaBarre that he did not want the Federal Public Defenders representing him and DFPD LaBarre requested a status conference. On April 25, 2014, the issue was discussed at a status conference held outside the presence of government counsel. After that conference, DFPD LaBarre and her

colleague, Deputy Federal Public Defender Charles Brown ("DFPD Brown"), remained appointed to represent defendant.

6. Given these circumstances, the retention of the firm of Marks and Brooklier on the eve of trial was designed for purposes of delay. No legitimate reasons for delay existed and the delay was attributable to defendant.

7. DFPD LaBarre and DFPD Brown were experienced defenders and had filed numerous motions in defendant's case. Defendant would not be prejudiced by their continued representation of him.

May 21, 2014

DATE

THE HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

/s/

JILL FEENEY
Assistant United States Attorney

3